PER CURIAM.
This matter is before us on a petition for writ of habeas corpus for ineffective assistance of appellate counsel. The petition raises several grounds, only one of which merits discussion.
Petitioner was charged in a three-count amended information. Counts I and II alleged that between August 25, 1986 and January 30, 1987 petitioner committed sexual battery upon the ten year old daughter of his live-in girlfriend. Count III charged that petitioner “maliciously punished” the same child. The sexual battery claims were based on the child’s allegations that on various occasions when she was alone with petitioner he forced her to have anal or vaginal intercourse. Count III pertained to a specific incident that occurred on November 27, 1987 in a family setting. Petitioner either had observed or was told by the child’s mother that the child had thrown an object at her 2-Va year old sister, and, to punish her, petitioner took an extension cord that the child was holding and hit her with it across the legs several times. The child reported the beating to her teacher the next day at school. The school contacted HRS and the child was removed from the home. Approximately two weeks later she communicated the allegations of sexual abuse to her foster family. Petitioner admitted the extension cord incident, although inexplicably (since the bruises were well documented) he claimed he only struck the child once. He consistently denied sexual involvement of any sort with the child.
Appellant was initially represented by the public defender and, on July 14, 1988, his counsel filed a motion to sever Count III from Counts I and II of the amended information. On August 24, 1988, private counsel appeared for petitioner. The case was tried on January 17, 1989. After trial, the public defender was again appointed to handle the appeal.
Petitioner has asserted that appellate counsel’s failure to appeal the trial court’s denial of the motion to sever Count III from Counts I and II rendered him ineffective. After searching the record, however, we can find no indication that, after the motion to sever was filed, it was ever brought to the trial court’s attention or ruled upon.
The only explanation we can conjure up for trial counsel’s failure to press the severance is the state’s August 30, 1988 amendment to Count III so that Count III no longer expressly pertained to the single November 27, 1987 beating but was converted into a four year term of unspecified malicious punishment or “willful torture.” At trial (in opening, during the charge conference and in closing), the state explained that “malicious punishment” pertained to the beating; “willful torture” consisted of the sexual assaults alleged in Counts I and II. Interestingly, after the jury was instructed on both malicious punishment and willful torture, the state asked the court to withdraw the willful torture instruction, which the court agreed to do.
Perhaps trial counsel concluded the amendment to Count III would make severance impossible, or, perhaps some other trial strategy motivated the joint trial of these charges. The record illustrates, however, that trial together of these two entirely separate crimes had to influence the jury’s consideration of each. This seems to be exactly the circumstance that Florida Rule of Criminal Procedure 3.152(a) was designed to prevent.
There is much we do not understand about what trial counsel did, or did not do, in this case, but the apparent failure of trial counsel to try to separate the trial of the sexual battery charges from the exten *583 sion cord beating perplexes us most. We see nothing, however, appellate counsel could have done about the lack of a severance.
WRIT DENIED.
COBB, HARRIS and GRIFFIN, JJ., concur.